UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-02054-JCS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 72 |

Plaintiff Ronald Garcia moves for leave to file an amended complaint eliminating claims previously dismiss by the Court[1] and reducing the scope of the class that he seeks to represent by excluding residents of certain states. Defendant Harley-Davidson Motor Company Group, LLC ("Harley-Davidson") opposes Garcia's motion solely on the basis that it could disrupt Harley-Davidson's motions to stay, based on the first-to-file rule, other subsequently-filed cases in the states that Garcia would exclude from this action.

The Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for April 24, 2020. While Garcia may no longer amend by right without Harley-Davidson's consent or leave of the Court, Rule 15 of the Federal Rules of Civil Procedure provides that, before trial, a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "'[T]his policy is to be applied with extreme liberality.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Harley-Davidson cites no case denying a motion for leave to amend under similar circumstances and requiring a plaintiff to maintain class claims—

---

[1] *See* Order Regarding Mot. to Dismiss 1st Am. Compl. (dkt. 61), *Garcia v. Harley-Davidson Motor Co., Inc.*, No. 19-cv-02054-JCS, 2019 WL 6050768 (N.D. Cal. Nov. 15, 2019).

before a class has been certified or any motion for class certification has been filed—on behalf of others whom the plaintiff no longer wishes to represent.  Garcia's motion is GRANTED.[2]

For ease of reference in future proceedings of this action, Garcia shall file his second amended complaint as a separate docket entry no later than April 22, 2020.  Harley-Davidson shall respond to that complaint in due course.

The question of whether, despite the amendment allowed by this order, a stay should be entered based on the first-to-file rule in any other action is a matter to be decided by the courts where those actions are pending.  This Court expresses no opinion on that issue.

**IT IS SO ORDERED.**

Dated: April 15, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).